IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. HITCH,<br><br>                *Plaintiff,*<br><br>    v.<br><br>THE FRICK PITTSBURGH,<br><br>                *Defendant.* | Civil Action No. 2:22-cv-1801<br><br>Hon. William S. Stickman IV |

### **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff James E. Hitch ("Hitch") filed suit against Defendant The Frick Pittsburgh ("The Frick"), alleging that The Frick discriminated against him because of a disability and retaliated against him for reporting his disability and requesting reasonable accommodations. Hitch brings claims[1] for discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. § 954 and a claim for retaliation under the ADA's anti-retaliation provision, 42 U.S.C. § 12203(a). Presently before the Court is The Frick's Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 24).

---

[1] The exact claims being asserted by Hitch are not entirely clear. Hitch's claim for disability discrimination under the ADA is labelled as "Count Two" and his claim for disability discrimination is labelled as "Count Four," despite there being no count one or count three. (*See* ECF No. 15). Though not explicit, the second Amended Complaint also seems to contain a claim for retaliation under the ADA. (*See id.* ¶ 14). There is no indication that Hitch intended to also bring a claim for retaliation under the PHRA. Thus, the Court will construe the second Amended Complaint as asserting claims for discrimination under the ADA and PHRA and as asserting a claim for retaliation under the ADA.

For the reasons set forth below, The Frick's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 24) will be granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hitch was hired by The Frick as an operations manager around December 2020. (ECF No. 15, ¶ 6). On February 4, 2021, Hitch fell on black ice in the parking lot of The Frick and injured his back, legs, and spine. (*Id.* ¶ 7). After receiving treatment from several doctors, Hitch was ultimately diagnosed with "bulging/herniated disks in back at L-4/5 L-3/4 L 2/3[.]" (*Id.*). After extensive physical therapy did not help Hitch's injuries, he underwent surgery in June 2021. (*Id.*). As a result of his injuries, Hitch claims that he has difficulty walking more than one thousand feet, experiences pain and discomfort when sitting or standing, and cannot work a full-time job. (*Id.* ¶¶ 7, 12).

Hitch claims that he "suffered a recognized disability that affected his ability to perform his employment duties without reasonable accommodation." (*Id.* ¶ 13). Additionally, Hitch alleges that he "asked for reasonable accommodations which he never received." (*Id.* ¶ 7). According to Hitch, The Frick retaliated against him for reporting his disability and for requesting reasonable accommodations for his disability. (*Id.* ¶ 14). This retaliation, according to Hitch, included "unwarranted harassment, disability discrimination, and discharge." (*Id.* ¶ 15). At some point after the injury, Hitch was fired by The Frick for purportedly leasing a vehicle without authorization. (*Id.* ¶¶ 8-9). Hitch claims, however, that he was given authorization to lease the vehicle from his immediate supervisor, Bill Nichols ("Nichols"). (*Id.*). According to Hitch, Nichols was subsequently fired by The Frick for misrepresenting the facts regarding Hitch's leasing of that vehicle. (*Id.* ¶ 9).

Hitch submitted a complaint to the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 4). After attending a worker's compensation hearing and receiving a letter from the EEOC informing him of the dismissal of his charge and his right to sue ("Right to Sue Letter"), Hitch initiated this lawsuit in the Court of Common Pleas of Allegheny County, alleging that The Frick violated the ADA and the PHRA by discriminating and retaliating against him. *See* (ECF No. 1-1); (ECF No. 15-1); (ECF No. 15, ¶¶ 5, 10). The Frick removed the action to this court (ECF No. 1) and filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3). Hitch amended the initial Complaint as a matter of course (ECF No. 11), which The Frick also moved to dismiss (ECF No. 12). Hitch subsequently filed a second Amended Complaint ("Amended Complaint") without consent of The Frick and without leave of court. (ECF No. 15). The Frick filed a Motion to Strike Plaintiff's Second Amended Complaint ("Motion to Strike") (ECF No. 17) and Hitch filed a Motion to Amend Complaint (ECF No. 21), which the Court interpreted as seeking relief *nunc pro tunc* for the second Amended Complaint already filed. (*See* ECF No. 22). The Court denied The Frick's Motion to Strike and granted Hitch's Motion to Amend Complaint. (ECF No. 22). The Frick renewed its previous Motion to Dismiss the Amended Complaint, which is presently before the Court. (ECF No. 24).

## II.    LEGAL STANDARD

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them

3

in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

Attached to the Amended Complaint is a Right to Sue Letter that Hitch received from the EEOC. (ECF No. 15-1). Generally, a court may not consider an extraneous document when reviewing a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). If parties present matters outside the pleadings and the court does not exclude them, the motion must be converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). When reviewing the sufficiency of a complaint, however, a court may consider attachments to it without converting the motion into one for summary judgment if they are integral to the allegations in the complaint and are authentic. *See In re Burlington*, 114 F.3d at 1426 (holding that a court

may consider a "document integral to or explicitly relied upon in the complaint"); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (same); *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 493 (3d Cir. 2017) (same); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that a court may consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). Because it is authentic and integral to the Amended Complaint, the Court will consider the Right to Sue Letter (ECF No. 15-1) that Hitch received from the EEOC and attached to his Amended Complaint.

### III. ANALYSIS

#### A. Hitch Has Not Pled Facts Sufficient to Establish That He is Disabled Under the ADA and PHRA.

Hitch brings discrimination claims against The Frick under the ADA and PHRA.[2] To establish these discrimination claims, Hitch must show "(1) that he is disabled within the meaning of the ADA, (2) that he is otherwise qualified for the job, with or without reasonable accommodations, and (3) that he was subjected to an adverse employment decision as a result of discrimination." *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010). The Frick argues that Hitch's claims for discrimination should be dismissed because he has failed to plead facts sufficient to establish that he is "disabled" under the ADA. (*See* ECF No. 13, p. 4). In the Amended Complaint, Hitch alleges that he "was diagnosed with bulging/herniated disks in back at L-4/5 L-3/4 L 2/3[,]" and that he underwent extensive physical therapy and surgery. (ECF No.

---

[2] "[T]he same legal standard that applies to the ADA applies equally to disability discrimination claims under the PHRA." *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 500 n.3 (3d Cir. 2010). Given this, the Court will analyze Hitch's PHRA discrimination claim together with his ADA discrimination claim.

15, ¶ 7). These injuries fit within the ADA's broad definition of an "impairment," but "not every impairment will constitute a disability within the meaning of [the ADA]." 29 C.F.R. § 1630.2(j)(1)(ii) (2012).

Rather, the ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities" of the allegedly disabled individual. 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). The term "substantially limits" is to be "construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA[]" and "is not meant to be a demanding standard." 29 C.F.R. § 1630.2 (j)(1)(i). The question of whether a given individual is substantially limited in a major life activity is an individualized assessment and is generally a question of fact. *See id.* § 1630.2 (j)(1)(iv); *Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 569 (3d Cir. 2002).

To establish that his impairments "substantially limited" Hitch under the ADA's definition, he must show that the injuries have a "long-term or permanent effect," on his ability to perform "major life activities." *Sampson v. Methacton Sch. Dist.*, 88 F. Supp. 3d 422, 436 (E.D. Pa. 2015) (stating that an injury "without long-term or permanent effect, is not a disability under the ADA."). *See also Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380 (3d Cir. 2002) ("[A] temporary, non-chronic impairment of short duration is not a disability covered by the ADA."). The Amended Complaint claims that Hitch is still experiencing negative effects from the injuries that he allegedly suffered on February 4, 2021. (ECF No. 15, ¶ 7). Beyond claiming that Hitch suffered from bulging/herniated disks in his back, that he participated in physical therapy, and that he underwent

surgery, the Amended Complaint does not contain facts regarding the severity of the injuries or the expected duration of the injuries' effects. Without any allegations regarding the long-term effects of Hitch's injuries, the expected duration of his impairments, or the expected length of his recovery, the Court cannot reasonably infer that Hitch is "disabled" under the ADA. *See Amiot v. Kemper Ins. Co.*, 122 F. App'x 577, 580 (3d Cir. 2004) (affirming a district court's holding that, because the plaintiff admitted "that he was capable of returning to work after seeking treatment," he was not "disabled" under the ADA).

Even if it could be reasonably inferred that the effects of Hitch's injuries are sufficiently permanent to constitute a "disability" under the ADA, Hitch has not established that his injuries "substantially limited" him from engaging in "major life activities." Hitch alleges that, as a result of his injuries, he is unable to work, he experiences pain and discomfort when sitting or standing, and he cannot walk more than one thousand feet without difficulty. (ECF No. 15, ¶¶ 7, 12). The ADA explicitly includes working, standing, and walking among its non-exhaustive list of "major life activities." 42 U.S.C. § 12102 (2)(A). To support the claim that Hitch experiences "pain and discomfort when sitting or standing[,]" the Amended Complaint lists five doctors who, according to Hitch, will "attest to the fact that [Hitch] can't walk more than one thousand feet without difficulty and must constantly rotate positions from sitting to standing." (ECF No. 15, ¶ 12). The Court cannot accept speculation regarding future witnesses' potential testimony as a factual allegation. Given this, the Court holds that Hitch has failed to sufficiently establish that he is "substantially limited" from performing the "major life activities" of walking and standing.

To establish his claim that he is "substantially limited" in the "major life activity" of working, Hitch must show that he is "precluded from more than a particular job." *Hershgordon v. Pathmark Stores, Inc.*, 285 F. App'x 846, 848 (3d Cir. 2008) (internal quotations omitted). More

specifically, Hitch must show that The Frick believed that he was "limited in [his] ability to work in 'either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.'" *Wolski v. City of Erie*, 900 F. Supp. 2d 553, 565 (W.D. Pa. 2012) (quoting *Hershgordon*, 285 F. App'x at 848). In the Amended Complaint, Hitch alleges only that he "can't work at his prior job[,]" that his injuries "affected his ability to perform his employment duties without reasonable accommodation[,]" and that The Frick's practices deprived him "of equal employment opportunities[.]" (ECF No. 15, ¶¶ 7, 13, 28). Pointing to the United States District Court for the Eastern District of Pennsylvania's decision in *O'Donnell v. Colonial Intermediate Unit 20*, No. CIV.A. 12-6529, 2013 WL 1234813 (E.D. Pa. Mar. 27, 2013), The Frick argues that these allegations—even in combination with the allegations that Hitch was diagnosed with bulging/herniated disks and underwent surgery and physical therapy—are not sufficient to establish that Hitch was "substantially limited" from the major life activity of working.

The plaintiff in *O'Donnell*, like Hitch, alleged that he suffered an injury on a specific date, that he had received a diagnosis related to that injury, and that he received treatment for the injury. *Id.* at *6. Despite these allegations, the court held that the plaintiff had failed to make any "plausible allegations identifying substantial limits on the major life activities affected by his" injury. *Id.* The same is true here. The Amended Complaint contains no facts to support the allegation that Hitch can no longer work and does not establish how Hitch's injuries limited him from working as an operations manager, let alone how his injuries limited his ability to work "a class of jobs or a broad range of jobs in various classes[.]" *Hershgordon*, 285 F. App'x at 848. The conclusory allegations contained in the Amended Complaint—which the Court is not compelled to accept—are not sufficient to support a reasonable inference that Hitch was

substantially limited from the major life activity of working. Thus, Hitch has failed to establish that he is "disabled" under the meaning of the ADA and The Frick's motion to dismiss Hitch's discrimination claims will be granted.

### B. Hitch Has Sufficiently Pled His Retaliation Claim.

In addition to the discrimination claims, Hitch also brings a claim for retaliation under the ADA, alleging that The Frick retaliated against him—through "unwarranted harassment, disability discrimination, and discharge"—for reporting his disability and requesting reasonable accommodations for that disability. (ECF No. 15, ¶¶ 14, 15). Hitch's failure to establish that he is "disabled" under the ADA is not fatal to his retaliation claim. The ADA's anti-retaliation provision protects "any individual" who makes a charge under the ADA or who opposes an unlawful act or practice under the ADA, regardless of whether that individual is "disabled." 42 U.S.C. § 12203(a). *See also Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 188 (3d Cir. 2003) (stating that the ADA's anti-retaliation provision does "not only appl[y] to those who are protected because they are 'disabled' as defined therein."); *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 498 (3d Cir. 1997) ("We hold that a person's status as a 'qualified individual with a disability' is not relevant in assessing the person's claim for retaliation under the ADA.").

To establish a prima facie case for retaliation under the ADA, Hitch must show: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse*, 126 F.3d at 500. *See also* 42 U.S.C. § 12203(a). The Frick argues that Hitch's retaliation claim should be dismissed because Hitch has not shown that he was engaged in "protected employee activity." "Protected activities under the ADA generally include: (1) opposition to a practice made unlawful under the ADA; and (2) participation in an ADA investigation, proceeding, or hearing by making a charge, testifying, or

9

otherwise assisting in the investigation." *Kaniuka v. Good Shepherd Home*, No. CIV.A. 05-CV-02917, 2006 WL 2380387, at *9 (E.D. Pa. Aug. 15, 2006) (citing 42 U.S.C. § 12203(a)). "A request for a reasonable accommodation is a protected activity under the ADA." *Mascioli v. Arby's Rest. Grp., Inc.*, 610 F. Supp. 2d 419, 448 (W.D. Pa. 2009). *See also Shellenberger*, 318 F.3d at 190-91.

Hitch claims that he reported his disability to The Frick; requested reasonable accommodations for that disability; and filed a charge against The Frick with the EEOC and PHRC and participated in proceedings relating to that charge. (*See* ECF No. 15, ¶¶ 4, 14). While each of these activities—reporting a disability, requesting reasonable accommodations, and participating in proceedings against an employer—are clearly "protected activities" under the ADA, The Frick argues that the Amended Complaint fails to assert facts sufficient to demonstrate that Hitch actually engaged in any of these "protected activities." (*See* ECF No. 13, p. 9). Indeed, the Amended Complaint does not provide sufficient facts to support the conclusory allegations that Hitch reported his disability to The Frick and requested reasonable accommodations. It contains no facts regarding the manner in which he reported his disability or requested accommodations; what Hitch allegedly reported and requested; to whom he made his alleged reports and requests; or when he made them. Hitch has, however, established that he filed a charge with the EEOC against The Frick and participated in proceedings related to that charge. Beyond merely asserting that he "filed a complaint" with the PHRC and EEOC, Hitch attached his Right to Sue Letter sent from the EEOC on October 3, 2022. (*See* ECF No. 15-1). This letter informed Hitch of the dismissal of his charge and of his right to sue, clearly establishing that Hitch engaged in the protected activity of filing a charge against his employer. *See* 42 U.S.C. § 12203(a).

10

As The Frick points out, even if Hitch engaged in a "protected activity," he still must satisfy the requirement that the employee provide proper notice to the employer of the alleged "disability and the desired accommodation[.]" *Mascioli,* 610 F. Supp. 2d at 449. While the "formalisms about the manner of the request" are not of paramount importance, to establish his retaliation claim, Hitch must plead facts sufficient to show that he "provided [The Frick] with enough information that, under the circumstances, [The Frick] can be fairly said to know of both the disability and desire for an accommodation." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1999). When a charge is filed against an employer through the EEOC, the employer is notified of that charge within ten days of its filing and is asked to provide information as part of the EEOC's investigation. 42 U.S.C. § 2000e-5(b) ("Whenever a charge is filed . . . the Commission shall serve a notice of the charge" on the employer "within ten days, and shall make an investigation thereof."). Given this, the fact that Hitch filed an EEOC charge against The Frick is sufficient to support a reasonable inference that The Frick was properly notified of Hitch's alleged disability and his desire for accommodations. Because the facts contained in the Amended Complaint sufficiently establish that Hitch was engaged in a "protected activity" and that he provided The Frick with proper notice, the Court holds that Hitch has pled facts sufficient to support his ADA retaliation claim.

## IV. CONCLUSION

For the reasons set forth above, The Frick's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 24) will be granted in part and denied in part. The Frick's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 24) will be granted as it relates to Hitch's claims for discrimination under the ADA and PHRA and will be denied as it relates to Hitch's claim for retaliation under the ADA. An Order of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

4-21-2023
Dated