IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. HITCH,<br><br>         *Plaintiff,*<br><br>v.<br><br>THE FRICK PITTSBURGH,<br><br>         *Defendant.* | Civil Action No. 2:22-cv-1801<br><br>Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

      On April 21, 2023, the Court issued an Opinion and Order, which granted in part and denied in part Defendant The Frick Pittsburgh's ("The Frick") Motion to Dismiss Plaintiff James E. Hitch's ("Hitch") Second Amended Complaint. (ECF Nos. 31, 32). The Court granted The Frick's motion to dismiss with respect to Hitch's claims for discrimination brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. § 954, but denied the motion with respect to Hitch's retaliation claim brought under the ADA's anti-retaliation provision, 42 U.S.C. § 12203(a). (*Id.*). The Frick subsequently filed a Motion for Reconsideration of the Portion of the Order Denying in Part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 33), which is presently before the Court.

      **I.**    **STANDARD OF REVIEW**

      The Frick moves for reconsideration of the Court's Order partially denying its motion to dismiss—an interlocutory order—pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and Rule 60(b). (ECF No. 33); (ECF No. 34, pp. 5-6). Motions for reconsideration are usually brought

1

under Rule 59(e) or 60(b). *See Dayoub v. Penn-Del Directory Co.*, 90 F. Supp. 2d 636, 637 (E.D. Pa. 2000). To seek reconsideration under Rule 59(e), a moving party must demonstrate at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (citations omitted). Similarly, a court may grant a motion for reconsideration brought under Rule 60(b) for any of the six reasons enumerated in the rule itself. *See* Fed. R. Civ. P. 60(b)(1)–(6). These rules, however, only provide for reconsideration of final judgments, not interlocutory orders. *See Dayoub*, 90 F. Supp. 2d at 637. Because these rules only allow for reconsideration of final judgments, the Court will consider The Frick's motion for reconsideration under the more appropriate Rule 54(b) standard.

To seek reconsideration of an interlocutory order, a party must file a motion under Rule 54(b). *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). And, pursuant to the law of the case doctrine, courts should only "grant motions for reconsideration in 'extraordinary circumstances.'" *Foster v. Westchester Fire Ins. Co.*, 2012 WL 2402895, at *4 n.1 (W.D. Pa. June 26, 2012) (quoting *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 438–39 (3d Cir. 2009)). The extraordinary circumstances permitting reconsideration of prior decisions "align neatly" with the three grounds justifying reconsideration under Rule 59(e). *Id. See also A&H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001) ("Courts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P.

59(e)."). However, district courts generally possess more discretion to reconsider interlocutory orders than to reconsider final judgments. *See Foster*, 2012 WL 2402895, at *4 n.1. Accordingly, "reconsideration of [interlocutory] orders may be had even if the movant cannot show" one of the particular grounds permitting reconsideration of final orders. *See Qazizadeh*, 214 F. Supp. 3d at 295. Nevertheless, "the movant must still establish good cause for why the court should revisit its prior decision." *Id.*

## II. ANALYSIS

### A. The Court's Opinion Denying The Frick's Motion to Dismiss Hitch's ADA Retaliation Claim

On April 21, 2023, the Court issued an Opinion and Order denying The Frick's motion to dismiss Hitch's ADA retaliation claim. Accepting Hitch's allegations as true and viewing them in the light most favorable to him, the Court held that Hitch sufficiently established the necessary elements of his ADA retaliation claim— "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). *See also* 42 U.S.C. § 12203(a). In support of its motion to dismiss, The Frick argued that the Amended Complaint fails to assert facts sufficient to show that Hitch engaged in any "protected activity" or that Hitch provided The Frick with proper notice of his alleged disability and desire for accommodation. (*See* ECF No. 13, pp. 9-11).

The Amended Complaint alleges that Hitch engaged in the following protected employee activities: reporting his disability to The Frick; requesting reasonable accommodations for that disability; and filing an administrative charge against The Frick and participating in proceedings relating to that charge. (*See* ECF No. 15, ¶¶ 4, 14). The Court held that "the Amended Complaint

3

does not provide sufficient facts to support the conclusory allegations that Hitch" engaged in the protected activity of reporting his disability to The Frick or requesting reasonable accommodations from The Frick. (ECF No. 31, p. 10). The Court noted that the Amended Complaint "contains no facts regarding the manner in which [Hitch] reported his disability or requested accommodations; what Hitch allegedly reported and requested; to whom he made his alleged reports and requests; or when he made them." (*Id.*). The claim that Hitch engaged in the protected activity of filing an administrative charge against The Frick was, however, supported by the attachment of a Dismissal and Notice of Rights letter ("Right to Sue Letter") sent to Hitch from the Equal Employment Opportunity Commission ("EEOC") on October 3, 2022. (*See* ECF No. 15-1). The Court held that the attached Right to Sue Letter "clearly establish[ed] that Hitch engaged in the protected activity of filing a charge against his employer." (ECF No. 31, p. 10). Additionally, the Court noted that, because an employer is notified of any charge filed against it within ten days, "the fact that Hitch filed an EEOC charge against The Frick is sufficient to support a reasonable inference that The Frick was properly notified of Hitch's alleged disability and his desire for accommodations." (*Id.* at 11).

### B. The Frick's Motion for Reconsideration

The Frick now moves for reconsideration, arguing that Hitch cannot establish that the alleged adverse action by The Frick—Hitch's termination—happened either after or contemporaneous with him engaging in the protected activity of filing an administrative charge. (*See* ECF No. 34). Crucially, The Frick attached Hitch's Pennsylvania Human Relations Commission ("PHRC") complaint[1] and the corresponding certificate of service to its motion for

---

[1] The PHRC complaint was dual filed with the EEOC, which led to the EEOC sending the Right to Sue Letter attached to Hitch's Amended Complaint. (*See* ECF No. 34-1, p. 5).

reconsideration. (ECF No. 34-1). This attachment contains two new pieces of information—the date The Frick was served with Hitch's administrative complaint and the date Hitch was terminated by The Frick—that directly impact the Court's prior analysis and decision. Until receiving this attachment, the Court had not been provided with any evidence relating to the date Hitch filed his charge with the PHRC and EEOC. The Court knew the Right to Sue Letter was dated October 3, 2022, but nothing in the Amended Complaint, the Right to Sue Letter, or the parties' briefs provided any details related to Hitch's filing of the administrative complaint. Additionally, prior to The Frick's filing of its motion for reconsideration, the date of Hitch's termination was not known to the Court. The Amended Complaint alleges only that Hitch was terminated by The Frick "[a]fter the accident," which took place on February 4, 2021. (ECF No. 15, ¶¶ 7, 8). The administrative complaint attached to The Frick's motion for reconsideration clarifies that, at the time of its filing, Hitch had already been fired. (ECF No. 34-1, p. 9) ("1 week after injury and 1 week after the claimed rental issue I was terminated.").

Generally, "[a] reconsideration motion should not be used to . . . raise new . . . evidence that could have been proffered prior to the issuance of the order in question[.]" *Qazizadeh,* 214 F. Supp. 3d at 295–96. Despite this general rule, a motion for reconsideration of an interlocutory order may be granted "even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* at 295 (internal quotations omitted). The Frick "must still establish good cause for why the court should revisit its prior decision[] and "the [C]ourt may permit reconsideration whenever consonant with justice to do so." *Id.* (internal quotations omitted).

5

Although The Frick could have attached Hitch's administrative complaint and certificate of service to its motion to dismiss, it had no obvious reason to do so. In support of its motion to dismiss, The Frick argued that Hitch had not established that he engaged in any "protected activity," and did not reach the issue of whether the alleged protected activities took place before or contemporaneous with his employment being terminated. In his brief in opposition to The Frick's motion to dismiss, Hitch failed to address the relevant arguments; including, most crucially, the argument that Hitch had not pled facts sufficient to support the allegation that he engaged in a protected activity. (*See* ECF No. 26). Despite Hitch's lack of argumentation on this point, the Court was satisfied—based on the attached Right to Sue Letter—that Hitch had engaged in the protected activity of filing an administrative complaint against his employer. Nothing in Hitch's pleadings or briefs would have alerted The Frick to a need to attach or discuss the administrative complaint.

The Court is mindful of the fact that the "[f]ederal Rules are meant to be applied in such a way as to promote justice." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998). To deny The Frick's motion for reconsideration would be to unfairly punish The Frick for failing to address arguments that were never fully or clearly articulated by Hitch. To deny The Frick's motion for reconsideration would also be to reward Hitch for omitting crucial information from his pleadings and for failing to even remotely address the relevant arguments raised in The Frick's motion to dismiss. Additionally, because the information contained in the PHRC complaint is potentially outcome determinative, it serves judicial and party economy to consider it now, before engaging in expensive, time-consuming, and potentially wasteful discovery. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (stating that the authority to dismiss a case is an inherent "control necessarily vested in courts to manage their own affairs so as to achieve the

orderly and expeditious disposition of cases."); *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ( "A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases."). Therefore, in the interest of judicial economy and to "prevent manifest injustice[,]" the Court will grant The Frick's motion for reconsideration. *Qazizadeh,* 214 F. Supp. 3d at 295.

### C. The Frick's Motion to Dismiss

Having granted The Frick's motion for reconsideration (ECF No. 33), the Court will revisit The Frick's motion to dismiss[2] (ECF No. 24) Hitch's ADA retaliation claim. In doing so, the Court will consider the PHRC complaint attached to The Frick's motion for reconsideration. (ECF No. 34-1). Courts generally may not consider extraneous documents when deciding a motion to dismiss, but a court may do so if the documents are integral to the allegations in the complaint and are authentic. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). In deciding The Frick's motion to dismiss, the Court considered the Right to Sue Letter attached to the Amended Complaint because it is authentic and integral to the Amended Complaint. (ECF No. 31, pp. 4-5). The same reasoning applies to the underlying administrative complaint, which The Frick attached to its motion for reconsideration. *See Pension Ben. Guar. Corp. v. White*

---

[2] A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

*Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that a court may consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document[.]"). The reason that courts generally "must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond." *Id.* Here, however, because Hitch filed the administrative complaint and relied on that fact in the Amended Complaint, he "is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished." *Id.* at 1196–97. Nevertheless, Hitch was given an opportunity to respond to The Frick's motion for reconsideration and to refute or clarify anything related to the new evidence. (*See* ECF No. 35). Instead of doing so, Hitch repeated the same arguments made in his previous opposition to The Frick's motion to dismiss and did not address the new evidence or The Frick's arguments related to that evidence. (*See* ECF No. 38).

A prima facie case for retaliation under the ADA requires a showing of "adverse action by the employer either after or contemporaneous with the employee's protected activity[.]" *Krouse*, 126 F.3d at 500. Put another way, an employer cannot retaliate for something that has not yet occurred. If the new evidence shows that Hitch did not engage in the "protected activity" of filing an administrative charge until after he had already been terminated by The Frick, his ADA retaliation claim must fail. In his administrative complaint, Hitch states that he was terminated on February 11, 2021—one week after suffering his injury on February 4, 2021. (ECF No. 34-1, p. 9) ("1 week after injury and 1 week after the claimed rental issue I was terminated."). The exact date Hitch filed his PHRC complaint is not clear from the attached administrative complaint and certificate of service. In its brief in support of its motion for reconsideration, The Frick states that Hitch filed his PHRC complaint on April 6, 2021. (ECF No. 34, p. 9). Confusingly, the

administrative complaint is dated April 8, 2020, but refers to events that allegedly occurred in 2021. (ECF No. 34-1, pp. 9-10).

Despite this confusion, the PHRC and EEOC certificate of service unambiguously shows that The Frick was notified of Hitch's administrative complaint against it on April 22, 2021. (ECF No. 34-1, pp. 1, 11). When a charge is filed against an employer through the EEOC, the employer is notified of that charge within ten days of its filing. 42 U.S.C. § 2000e-5(b) ("Whenever a charge is filed . . . the Commission shall serve a notice of the charge" on the employer "within ten days, and shall make an investigation thereof."). From this, it can be inferred that Hitch filed his administrative complaint against The Frick sometime between April 8, 2021 (ten business days before The Frick was notified) and April 22, 2021. Even without this inference, it is clear from Hitch's statements in the administrative complaint that it was not filed until after Hitch had already been terminated by The Frick. (*See* ECF No. 34-1, p. 9) ("I have been terminated[.] . . . "1 week after injury and 1 week after the claimed rental issue I was terminated."). Given this, Hitch cannot establish that The Frick took adverse action—terminating his employment—after or contemporaneous with Hitch's protected activity of filing his administrative complaint. Because the Amended Complaint does contain facts sufficient to show that Hitch engaged in any other "protected activities," his ADA retaliation claim will be dismissed.

### III.   CONCLUSION

For the reasons set forth above, The Frick's Motion for Reconsideration (ECF No. 33) of the Court's Order and Opinion (ECF Nos. 31, 32) denying The Frick's motion to dismiss Hitch's ADA retaliation claim will be granted. The Court's April 21, 2023 Order denying The Frick's motion to dismiss Hitch's ADA retaliation claim (ECF No. 32) will be vacated. Upon

reconsideration, The Frick's Motion to Dismiss (ECF No. 24) will be granted in its entirety. Orders of Court will follow.

BY THE COURT:

*/s/ William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

5-31-23
Dated